Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3259 | **DATE** | 7/20/2004 |
| **CASE TITLE** | MOTHER and FATHER, ET AL vs. CASSIDY, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants amended bill of costs is entered and continued. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 21 2004 date docketed | 164 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| DW | courtroom deputy's initials | 2004 JUL 20 PM 1:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTHER and FATHER, et al.,

Plaintiff,

v.

No. 99 C 3259
Judge James B. Zagel

JAMES CASSIDY #20207, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

In the summer of 1998, eleven-year-old Ryan Harris was murdered.[1] Suspicion fell upon two young boys – R.G. and his eight-year-old companion E.H. A month after charges were brought against the boys, it became clear that an adult had committed the crime, and the charges were dropped. About a year later, in May 1999, the parties known here as Mother and Father (their true names are available to the court but under seal; I refer to them as M&F for convenience) brought this suit in federal court on behalf of their son R.G. against the City of Chicago and several Chicago police officers, raising both federal and state claims. The parents of E.H. brought similar proceedings in state court. Despite the fact that many of the underlying facts were likely to be identical, the parties had no interest in coordinating their respective lawsuits. As a result, discovery was duplicative and costly, involving for M&F's federal lawsuit alone more than 70 depositions and 30,000 documents, at a cost of more than $100,000.

In May 2001, nearly two years after the original complaints were filed in federal and state court, M&F moved for voluntary withdrawal of their federal claims pursuant to Federal Rule of

---

[1] The following facts are taken from *Mother & Father v. Cassidy*, 338 F.3d 704, 706-07 (7th Cir. 2003).

Civil Procedure 41. In their motion, they stated their intention to re-file their state-law claims in state court and to seek consolidation with the related E.H. litigation. In an order dated June 12, 2001, the Court agreed to dismiss the federal-law claims "without prejudice" for the time being, but it indicated that the dismissal would be converted to one "with prejudice" upon M&F's state court filing. In addition, the district court ruled over the City's objection that the costs of the federal case would not be assessed at all in federal court, but instead would be assessed by the state court at the conclusion of its proceedings. The City moved for reconsideration, but the district court made no material change in its ruling. On June 26, 2001, it announced that the "Rule 54 costs would travel to the state court" and that whichever party prevailed in state court would be entitled to an award of costs from that court. The City appealed to the Seventh Circuit Court of Appeals.

In *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003), the Seventh Circuit ruled that the conversion of M&F's voluntary dismissal from "without prejudice" to "with prejudice" rendered the defendants the prevailing party in this federal action. Therefore, the Court held, the district court acted beyond its authority when it precluded the City from requesting costs and that the district court was not authorized to delegate to the state court the issue of whether the City should be awarded costs after M&F's clams were dismissed. *Id.* Accordingly, the Seventh Circuit remanded the case for a determination as to whether and to what extent costs should be awarded to the defendants:

> We emphasize, however, that we are not ruling here and now that the City is entitled to an award of costs. Because of the way this problem arose, M&F have never had an opportunity to show that they might be able to avoid either part or all of the awardable costs here, based on either bad faith on the City's part (which, we add, does not appear in the limited record we have before us) or their own indigency and inability to satisfy a

> costs order. On remand, the district court will be entirely free to explore both these preliminary issues and any detailed issues that may arise in the request for costs that the City will file.

*Id.* at 710.

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338 F.3d at 708 (citing *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).

M&F claim purported indigency as a basis for denying the defendants' request for costs. The law recognizes that a party's inability to pay may justify a denial of costs. *See, e.g., id.* at 222. The losing party must demonstrate actual indigency, not merely limited financial resources, before a court may exercise its discretion to deny costs. *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798 (N.D. Ill. 2002). This means a party must not only show an inability to presently pay costs, but also must show that the party is not likely to be able to pay the costs in the future. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1974). Moreover, the indigency of a party does not even require that the court automatically waive costs. *Id.* at 459-60.

Although the record is sufficient enough to determine M&F's *present* ability to pay any awarded costs, it is insufficient for determining their *future* ability to pay such costs. As the defendants acknowledge:

Plaintiffs cannot foreclose the possibility that they have no ability to pay in the future when they have a pending civil lawsuit in the Circuit Court of Cook County. In their pending lawsuit, Plaintiffs seek millions of dollars in damages. Assuming *arguendo* Plaintiffs prevail on their state court claims, then Plaintiffs will have the ability to pay the costs in the future.

However, for purposes of determining indigency, I should not "assume *arguendo*." Accordingly, I enter and continue the present bill of costs until resolution of M&F's pending lawsuit on the same subject matter in the Circuit Court of Cook County. I trust that when the time comes, the defendants will appropriately notify me.

For the reasons above, defendants' Amended Bill of Costs is ENTERED AND CONTINUED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: JUL 2 0 2004

4